995 F.2d 1066
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Virginia FLAMER, Plaintiff-Appellant,
v.
FORD MOTOR COMPANY, Wixom Plant, Defendant-Appellee.
 No. 92-1993.
 United States Court of Appeals, Sixth Circuit.
 June 11, 1993.
 
 1
 Before: GUY and SUHRHEINRICH, Circuit Judges, and DOWD, District Judge.*
 
 ORDER
 
 2
 Virginia Flamer, a pro se litigant, appeals the district court's grant of a directed verdict on her civil rights action filed pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, et seq. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 Flamer's complaint alleged that she was unlawfully discharged from her employment because of her race, color, and sex. At the close of Flamer's proofs at trial, the defendant was granted a directed verdict. The district judge concluded that Flamer had failed to present sufficient evidence to establish a prima facie case of either sex or race discrimination. On appeal, Flamer argues that she should have been allowed to present into evidence a letter from a witness who, because of her work, could not attend the trial, and that the defendant failed to prove its reasons for discharging her.
 
 
 4
 The standard of review of a directed verdict is identical to the standard used by the district court. Danielson v. Lorain, 938 F.2d 681, 683 (6th Cir.1991). The evidence must be viewed in the light most favorable to the non-moving party, and the non-moving party must be given the benefit of all reasonable inferences. Id. A motion for a directed verdict should be granted if there are no controverted issues of fact upon which a reasonable trier of fact could differ. Id.
 
 
 5
 Before the defendant was required to come forth with a legitimate, nondiscriminatory reason for discharging Flamer, Flamer had the burden of establishing a prima facie case of discrimination. Mitchell v. Toledo Hosp., 964 F.2d 577, 582 (6th Cir.1992). We agree with the district court that Flamer failed to establish a prima facie case of discrimination.
 
 
 6
 A district court's ruling on an evidentiary matter is reviewed for an abuse of discretion. United States v. Wolak, 923 F.2d 1193, 1195 (6th Cir.), cert. denied, 111 S.Ct. 2824 (1991). We conclude that the district court did not abuse its discretion when it refused to admit the letter into evidence.
 
 
 7
 Accordingly, the directed verdict is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The HOnorable David D. Dowd, Jr., U.S. District Judge for the Northern District of Ohio, sitting by designation